21-MJ-1044

# AFFIDAVIT OF SPECIAL AGENT CRAIG R. HARVEY IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT

I, Special Agent Craig R. Harvey, depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since July 2018. I am currently assigned to the Boston Field Office, North Shore Gang Task Force ("FBI Task Force"). The primary mission of the FBI Task Force is to identify, investigate, disrupt, and dismantle violent criminal organizations operating in cities north of Boston. My responsibilities include the investigation of possible violations of federal law, including illegal possession/transfer of firearms, firearms trafficking, narcotics trafficking, and violent crimes involving firearms and narcotics trafficking. I have received training and experience in various aspects of criminal law and procedure, including electronic and physical surveillance, interrogations, stops, searches, seizures, and arrests for a variety of criminal offenses. Through my training, knowledge, and experience, I have become familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the use and trafficking of illegal firearms and narcotics, including persons involved in criminal organizations. My investigations have included the use of surveillance techniques and the execution of search, seizure, and arrest warrants.

2. I submit this affidavit in support of an application for an arrest warrant and criminal complaint charging DAVID OTH ("OTH") a/k/a/ "Baby Bouncer" a/k/a/ "BB" with the following crimes:

   a. Felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1);

   b. Possession with intent to distribute a controlled substance, in violation of 21 U.S.C.


&sect; 841(a); and

    c. Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

3. The information contained in this affidavit is based on my personal observations and review of records and reports, my training and experience, and information obtained from other FBI and Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agents, Massachusetts State Police Troopers, local police officers and witnesses. The dates and times in this affidavit are approximate. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. I am currently investigating OTH relating to firearms offenses, racketeering activity and violent crimes in aid thereof, and distribution of controlled substances and conspiracy.

5. Based on my review of OTH's criminal record, I know that OTH is a convicted felon, having been convicted of a drug offense and sentenced to state prison for approximately 1,178 days. As such, I am aware that OTH is prohibited from possessing firearms and knew such because he served more than one year in prison. See 18 U.S.C. § 922(g)(1).

6. On February 24, 2021, agents executed federal search warrants at OTH's residence in Lynn, Massachusetts and of OTH's person.

7. During the course of searching the basement of OTH's residence, agents located a large brown/black-colored bag, in which the following items were found:

    a. Three plastic-wrapped packages containing suspected methamphetamine;

    b. A smaller purple-colored bag containing the following items:

      i. Black and tan Fabrique Nationale d'Armes de Guerre ("FN") 9mm firearm bearing serial number GKS0124108;

      ii. Black Polymer80 firearm without a serial number;[1]

      iii. Six magazines loaded with ammunition; and

    c. A green-colored backpack containing numerous rounds of assorted ammunition.

8.     TruNarc field tests of the substances contained in the three packages containing suspected methamphetamine were conducted. One indicated positive for the presence of methamphetamine; two were inconclusive. Based on my training and experience, the color and consistency of the powder contained in the three packages, and the appearances of the three packages being similar in nature, that each of the packages likely contained methamphetamine.

9.     Photographs of the above-described items packages of suspected methamphetamine, found in the large brown/black-colored bag, follow:



---

[1] This firearm appears to be a "ghost" gun and therefore, given the difficulty in tracing it, I am not seeking charges based on this weapon at this time.



10. Photographs of the above-described firearms and magazines loaded with ammunition, found in the smaller purple-colored bag contained within the larger brown/black-colored bag, follow:






11.     Photographs of the above-described numerous rounds of assorted ammunition, found in the green-colored backpack, follow:



12. Additionally, a safe found in the living room of OTH's residence contained three plastic baggies containing powder substances. Access to the safe was gained by use of a key found on OTH's person. TruNarc field tests were conducted of the substances in each of the three baggies: two indicated positive for 3,4-Methylenedioxymethamphetamine ("MDMA") and one indicated positive for methamphetamine.

13. Based on my training and experience in firearms, and consultation with ATF agents, the seized FN 9mm firearm and the seized ammunition were manufactured outside of the Commonwealth of Massachusetts, and thus, had to travel in interstate commerce or foreign commerce prior to their seizure in Lynn, Massachusetts. Specifically:

   a. I am aware that FN does not manufacture firearms in the state of Massachusetts. Therefore, I believe that the FN 9mm firearm necessarily had to travel in interstate commerce or foreign commerce prior to its seizure in Lynn, Massachusetts. Additionally, based on my training and experience in firearms, and consultation with ATF agents, I believe the seized FN 9mm meets the federal definition of firearm.

   b. I am aware that no commercial ammunition is manufactured in the state of Massachusetts. Therefore, I believe that the ammunition seized necessarily had to travel in interstate commerce or foreign commerce prior to its seizure in Lynn, Massachusetts. Additionally, based on my training and experience in firearms, and consultation with ATF agents, I believe the seized ammunition meets the federal definition of ammunition.

14. Based on my training and experience, I know that drug traffickers often store drugs in close proximity to firearms in order to protect the drugs, proceeds, and profits of drug trafficking.

**CONCLUSION**

15.     Based the foregoing, there is probable cause to believe that OTH has violated 18 U.S.C. § 922(g)(1), 21 U.S.C. § 841(a), and 18 U.S.C. § 924(c).  Accordingly, I request that a criminal complaint and arrest warrant be issued for OTH.

Signed electronically and sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on February 24, 2021.

                                        */s Craig R. Harvey*
                                        Craig R. Harvey
                                        Special Agent
                                        Federal Bureau of Investigation

Electronically subscribed and telephonically sworn to before me this 24th day of February, 2021.



HON. DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE