UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>DAVID OTH,<br>    a/k/a "Baby Bouncer," a/k/a "BB"<br><br>    Defendant | Criminal No. 21-CR-10187-MLW |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits this memorandum in support of its recommendation for **180 months of incarceration** for the Defendant, followed by six years of supervised release. This recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

**THE ADVISORY SENTENCING GUIDELINES**

The government agrees with the offense level calculation provided U.S. Probation, which calculated the offense level in the final Presentence Report to be 31 (PSR ¶¶1-39).[1] With a criminal history score of 5, the criminal history category is III (PSR ¶¶46-47), the guideline sentencing range ("GSR") calculated by Probation is 135 to 168 months, followed by 60 months for Count Two (PSR ¶89). This results in a total guidelines sentence range of 195 to 228 months. The Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C) in this case calls for a sentence of 180 months (ECF #29).

**ARGUMENT**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a

---

[1] This is consistent with the calculation set forth in the Plea Agreement (ECF #29).

1

sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). Among those factors are the "nature and circumstances of the offense," promoting respect for the law, and providing just punishment. See 18 U.S.C. § 3553(a)(2)(A). The sentence must also afford "adequate deterrence" for both the defendant and others. See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct"). Lastly, the sentence must protect the public from the further crimes of the Defendant. See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes of the defendant"). Consideration of the § 3553(a) factors demonstrates that a sentence of 180 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

### A.   Nature and Circumstances of the Offenses

As described in the presentence report, the Defendant and other members of his street gang, the Tiny Rascals Gangsters, distributed controlled substances in Maine and acquired firearms in furtherance of those efforts. The amount and purity of the methamphetamine at issue in this case warrant specific consideration. This methamphetamine seized from the Defendant's residence was 1359 grams. The purity of the methamphetamine was, practically speaking, 100% pure (PSR ¶17). The Defendant boasted of the profits he made selling drugs in Maine and encouraged the introduction of this particularly pure and devastatingly addictive drug to customers. See PSR ¶10-24. In the context of nearly 100,000 overdose deaths in 2020 (up from 70,000 in 2019)[2], the

---

[2] See Newsweek, Steven Ross Johnson, *CDC Data: Drug Overdose Deaths Top 100K for First Time*, November 17, 2021, available at https://www.usnews.com/news/health-news/articles/2021-11-17/drug-overdose-deaths-top-100k-over-12-months-for-first-time, last accessed on November 28, 2021; 2019 Drug Overdose Deaths, Center for Disease Control, available at, https://www.cdc.gov/drugoverdose/deaths/index.html, last accessed November 28, 2021; and 12 Month-ending Provisional Number of Drug Overdose Deaths, Center for Disease Control, available at, https://www.cdc.gov/nchs/nvss/vsrr/drug-overdose-data.htm, last accessed November 28, 2021.

seriousness of this amount of 100% pure methamphetamine being introduced into a community cannot be overstated.

Beyond this, the Defendant armed himself and boasted of the firepower he available for himself and his fellow gang members (PSR ¶10-21).  During the execution of a search warrant in this case, two firearms were recovered in the same location as the controlled substances, and those firearms matched the ones that the Defendant described (PSR ¶¶16-19).

All of the Defendant's interstate drug dealing and firearm possession took place in the context of the murderously violent Tiny Rascals Gang (PSR ¶¶6-9, 22-24, 75), of which the Defendant was a member, and while the Defendant collected hundreds of dollars in unemployment. See PSR ¶83. Overall, the conduct at issue here epitomizes the dangerous combination of gangs, drugs and firearms, which warrant a serious sentence.  For all these reasons, the nature and circumstances of the Defendant's crimes certainly justify a sentence of 180 months.

### B. Criminal History, Specific Deterrence, Punishment

The sentence should also specifically deter the Defendant from committing crimes in the future and appropriately punish him as well.  The 180-month sentence accomplishes these goals.

The Defendant's prior arrests and convictions date back to his teenage years and a number of these convictions do not score. These convictions include: assault and battery by means of a dangerous weapon (PSR ¶41), three prior drug convictions (PSR ¶¶42, 43, 44), and a second assault and battery by means of a dangerous weapon, committed in conjunction with a fellow gang member and coconspirator in the drug conspiracy.  See PSR ¶45.  The Defendant has also been historically sentenced to a term of 3 to 5 years in state prison for drug distribution in 2011.  See PSR ¶44.  Given this criminal history, and escalating criminal behavior, the 180-month sentence is an appropriate means of assuring specific deterrence and punishment.

**C.      General Deterrence, Promotion of Respect for the Law, and Public Protection**

General deterrence and promotion of respect for the law must also be considered, and this Court should be mindful of the message that the sentence will send to drug dealers, gang members, and firearms traffickers. A sentence of 180 months certainly sends a strong deterrent message of what sort of sentence can be expected for those who wield firearms and profit from the misery of persons addicted to controlled substances. This sentence will also protect the public from the large-scale drug trafficking that the Defendant boasted of being capable of orchestrating, and send a message that a lengthy prison sentence awaits. See PSR ¶14 ("They got about 100 keys of that shit in Mass"). Lastly, the 180-month sentence, given the Defendant's extraordinarily prompt acceptance of responsibility, will certainly promote respect for the law.

## CONCLUSION

Based upon the foregoing, the government requests that the Court impose a sentence of 180 months, followed by six years of supervised release.

                                                Respectfully submitted,

                                                NATHANIEL R. MENDELL,
                                                Acting United States Attorney

By:

                                                */s/ Philip A. Mallard*
                                                PHILIP A. MALLARD
                                                Assistant U.S. Attorney
                                                United States Attorney's Office
                                                1 Courthouse Way, Suite 9200
                                                Boston MA 02210
                                                617-748-3674

5

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                          */s/ Philip A. Mallard*
                                                          PHILIP A. MALLARD
                                                          Assistant U.S. Attorney

Date:   November 28, 2021